813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara Ann HOWARD, Defendant-Appellant.
 No. 86-5573.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 31, 1986.
Decided March 4, 1987.
 
 Before HALL and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Fred Warren Bennett, Federal Public Defender; Warren A. Brown, Assistant Federal Public Defender, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney; Herbert Better, Assistant United States Attorney; Dennis E. Boyle, Law Clerk, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Barbara Ann Howard appeals her conviction by a jury of aiding and abetting an armed robbery, in violation of 18 U.S.C. Sec. 2113 (1984) and 18 U.S.C. Sec. 2 (1969), and of being an accessory after the fact to robbery in violation of 18 U.S.C. Sec. 3 (1969). Finding this appeal to be without merit, we affirm.
 
 
 2
 The evidence adduced at appellant's trial revealed that on September 27, 1985, Howard was photographed twice by a bank surveillance camera, first, while standing in a customer line in the Equitable Bank of Baltimore, Maryland, and then again, approximately seven minutes later, while leaving the bank. Soon thereafter, a man was seen emerging from a blue station wagon just outside the bank. As the man walked toward the bank, the station wagon, with two passengers remaining in the front seat, pulled away from the curb. Moments later, the man who had emerged from the blue station wagon robbed the bank of $6,728 in cash. The robber was subsequently seen running towards a residential area near the bank.
 
 
 3
 Several minutes after the robbery occurred, the appellant and her boyfriend, a black male, arrived at a home in that same residential neighborhood. Howard made a telephone call from the house and shortly thereafter a local telephone operator called that address, asking to speak to the person who had just telephoned the police to report a bank robbery. The bank which the caller had identified as being robbed was not the Equitable Bank. No one admitted making the call. However, at trial, a tape of the call was admitted into evidence and a witness identified Howard's voice as the voice of the caller on the tape. Later on the day of the robbery, Howard and a black male were seen in a blue station wagon riding slowly back and forth in the neighborhood near Equitable Bank.
 
 
 4
 At trial, the government suggested that these facts supported a conclusion that Howard had (1) "cased" the bank prior to the robbery; (2) dropped the robber off at the bank; (3) reported a fictitious robbery to divert police attention from the actual one; and (4) searched for the robber afterwards in the neighborhood near the bank.
 
 
 5
 Howard was tried, convicted, and sentenced to nine years in prison.[1] This appeal followed.
 
 
 6
 On appeal, Howard contends that the jury's verdict was not supported by sufficient evidence and that in gauging the evidence we should not consider the allegedly unbelievable testimony of certain witnesses. Upon consideration of the record and briefs,[2] we conclude that these contentions lack merit.
 
 
 7
 In assessing the sufficiency of the evidence, an appellate court limits its inquiry to whether there is substantial evidence, taken in the view most favorable to the government, from which the jury might find the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). Moreover, "[i]t is not for us to weigh the evidence or to determine the credibility of the witnesses." Id. We conclude that there was ample evidence in this case to support the jury's verdict of guilt beyond a reasonable doubt.
 
 
 8
 For the foregoing reasons, we accordingly affirm appellant's convictions.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Howard was convicted of three counts of aiding and abetting the bank robbery and one count of being an accessory after the fact. She was sentenced to nine years' imprisonment for each of her aiding and abetting convictions and to four years' imprisonment for her conviction of being an accessory after the fact, all sentences to run concurrently
 
 
 [2]
 This Court granted the appellant's motion to dispense with oral argument in this case